UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD HOLZENDORF, individually,
and as Personal Representative of the
Estate of Richard Lavon Holzendorf,
deceased,

      Plaintiff,

v.                                        CASE NO. 3:21-cv-577-MCR

STAR VAN SYSTEMS, INC. and
ZELJKO RADOVIC,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Opposed Motion to Add Party ("Motion") (Doc. 12) and Plaintiff's Response thereto ("Response") (Doc. 15). For the reasons stated herein, the Motion is **DENIED**.

On June 3, 2021, Richard Holzendorf ("Mr. Holzendorf"), individually, and as Personal Representative[1] of the Estate of his deceased son, Richard Lavon Holzendorf (decedent), filed this wrongful death action in this Court. (Doc. 1.) This action arises out of an incident that occurred in Nassau County, Florida, on January 22, 2021, in which the decedent's vehicle collided with an 18-wheeler operated and/or maintained by Defendants, Zeljko

---

[1] Mr. Holzendorf was duly appointed as an administrator of the decedent's Estate on April 20, 2021. (*See* Doc. 15 at 11.)

Radovic and Star Van Systems, Inc. (*Id.*) The beneficiaries listed in the Complaint are the decedent's Estate and Mr. Holzendorf, as father of the decedent. (*Id.* at 3-4.)

On July 30, 2021, Defendants filed their Answer and Affirmative Defenses to the Complaint. (Doc. 7.) Defendants' Second Affirmative Defense, titled "Failure to Add Necessary Parties," alleges:

> 1.  Upon information and belief, the [d]ecedent has a natural born child named Richard Lavon Holzendorf, Jr. (the "[d]ecedent's [c]hild").
> 2.  Cheryl Cobb is the mother of the [d]ecedent's [c]hild and the owner of the vehicle in which the [d]ecedent was traveling at the time of his death.
> 3.  Upon information and belief, the [d]ecedent's [c]hild has an interest relating to the subject of this action and is so situated that disposing of the action in his absence may as a practical matter impair or impede the ability to protect his interests or leave defendants subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.
> 4.  As such, under the Federal Rules of Civil Procedure, the [d]ecedent's [c]hild should be added to this action as an involuntary plaintiff.
> 5.  Moreover, Plaintiff, Richard Holzendorf, should be removed as the Person[al] Representative of the [d]ecedent's Estate.

(*Id.* at 9-10.)

On August 10, 2021, Defendants filed the present Motion, pursuant to Rule 19(a)(1)(A),[2] seeking to add the decedent's child as a necessary party.

---

[2] Rule 19(a)(1)(A), Fed.R.Civ.P., provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction

2

(Doc. 12.)  The Motion provides, in relevant part:

> 10.   Upon information and belief, the [d]ecedent's [c]hild is a valid and possibly the sole beneficiary of decedent's Estate.
> 11.   Without joining the [d]ecedent's [c]hild as a party to this lawsuit, a full resolution of the claim is not possible.  As such, the [d]ecedent's [c]hild is an indispensable party.
> 12.   As such, under the Federal Rules of Civil Procedure, the [d]ecedent's [c]hild should be added to this action as an involuntary plaintiff.
> 13.   Moreover, Plaintiff, Richard Holzendorf, should be removed as the Person[al] Representative of the [d]ecedent's Estate.

(*Id.* at 2-3.)  The Motion also seeks an order for "a paternity test to determine if the aforementioned minor is the rightful beneficiary of the [d]ecedent and, if so, join the minor and his parent/guardian as a party to this lawsuit." (*Id.* at 3.)

Plaintiff opposes the Motion and denies that the decedent "had a natural-born child named Richard Lavon Holzendorf, Jr." (Doc. 15 at 3.) Plaintiff states that Defendants have failed to attach a birth certificate, record, or any other evidence to support their Motion. (*Id.* at 4.) According to a February 18, 2021 email from Defendants' counsel to Plaintiff's counsel, which Plaintiff attaches to his Response, the decedent is not listed on the birth certificate of any of Ms. Cobb's six children. (*Id.* at 5, 15 ("Ms. Cobb informed me that the decedent is the father of one of her children but that he

---

must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties."

3

is not on the birth certificate.").³) According to another email from Defendants' counsel, dated February 9, 2021, which is also attached to the Response, the child's name was "Tamer Cobb." (*Id.* at 4, 12.) When Plaintiff's counsel requested, by an email dated August 8, 2021, "all documents/evidence" in Defendants' possession to support their position that the decedent had a child, defense counsel responded that he did not have any documents. (*Id.* at 6, 16.) In the Response, Plaintiff states that, upon information and belief, Ms. Cobb has no children by the name of Richard Holzendorf, Jr. or Tamer Cobb. (*Id.* at 5.)

Plaintiff contends that the decedent was "unmarried and childless," but even if he had a child, "the child could not be added as a party to this litigation for lack of standing," because only the personal representative has standing to pursue a wrongful death action. (*Id.* at 3.) Plaintiff argues that defense counsel's representations regarding the child are likely sanctionable under Rule 11(b)(3), Fed.R.Civ.P., because the rule requires representations made to the Court to have "evidentiary support or . . . [to] likely have

---

³ In an earlier email from February 18, 2021, Plaintiff's counsel stated, in relevant part: "As you know, the Harrell and Harrell law firm withdrew from this case because Ms. Cheryl Cobb had not established paternity, and the decedent was not recorded as the father in any birth certificates. . . . It is my client's position that the decedent had no children and was not married. As such, Mr. Richard Holzendorf, the decedent's father and pending [Personal Representative] of the Estate, is the sole survivor under the Florida Wrongful Death Act." (Doc. 15 at 15.)

4

evidentiary support after a reasonable opportunity for further investigation or discovery." (Doc. 15 at 6, 20 (citing Fed.R.Civ.P. 11(b)(3)).)  Plaintiff also points out that pursuant to Rule 17(a), Fed.R.Civ.P., "[a]n action must be prosecuted in the name of the real party in interest" and that an administrator, such as Plaintiff, "may sue in [his] own name[] without joining the person for whose benefit the action is brought." (*Id.* at 6-7, 17 (citing Fed.R.Civ.P. 17(a)(1)).)  Plaintiff adds that:

> There is no reason the relationship of the natural child to the wrongful death victim cannot simply be alleged by Defendant[s] and proved up in the wrongful death action. . . .
> Finally, in his ad damnum clause, counsel for Defendant[s] prays for relief in the form of a DNA test to be performed on a minor child, the Decedent, and/or the Decedent's relatives.  Due to the fact that counsel for Defendant[s] cites no law, statute, or evidence to support his request for medical testing, Plaintiff prays that this request is denied.

(*Id.* at 7-9.)

Upon consideration of the parties' submissions, the Motion is due to be denied.  First, Defendants have not provided any record or other evidence pertaining to the child's relationship to the decedent.  Defense counsel seems to admit that the decedent is not listed on the birth certificate of any of Ms. Cobb's children.  Also, the uncertainty with the child's name and the fact that Ms. Cobb's law firm withdrew from pursuing a claim further counsel against granting the Motion.  Additionally, at this stage of the proceedings, it does not seem that the Court should order a paternity test, particularly since

5

Defendants have not cited any legal authority to that effect.

Moreover, even assuming that the decedent had a child with Ms. Cobb, the child cannot be added as a party to this action, even if claims are brought for his benefit, because, pursuant to Fla. Stat. § 768.20,[4] "the personal representative is the only party with standing to bring a wrongful death suit on behalf of the estate and the survivors." *Wiggins v. Estate of Wright*, 850 So.2d 444, 446 (Fla. 2003); *see also Kadlecik v. Haim*, 79 So.3d 892, 893 (Fla. Dist. Ct. App. 2012) (stating that "the personal representative has exclusive authority to conduct litigation" on behalf of the estate and the decedent's survivors); *In re Estate of Catapane*, 759 So.2d 9, 10 (Fla. Dist. Ct. App. 2000) (same); *Morgan v. Am. Bankers Life Assurance Co. of Fla.*, 605 So.2d 104, 104 (Fla. Dist. Ct. App. 1992) (same). Given that Mr. Holzendorf was duly appointed as an administrator of the decedent's Estate, Defendants have not shown a valid reason for his removal as a party Plaintiff.

Also, while "[t]he survivors may not bring separate legal actions and are required to participate in the single legal action filed by the estate," *Heiston v. Schwartz & Zonas, LLP*, 221 So.3d 1268, 1271 (Fla. Dist. Ct. App. 2017) (citing *Wiggins*, 850 So.2d at 446), here, it has not been shown that Ms.

---

[4] Section 768.20 of the Florida Statutes provides, in relevant part, that a wrongful death action "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages . . . caused by the injury resulting in death."

Cobb's child was a "survivor" of the decedent under the wrongful death statute.  The definition of a "survivor" includes "the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child's support." Fla. Stat. § 768.18(1). Here, the Court is left to speculate whether the decedent recognized a responsibility for the support of one of Ms. Cobb's children.  As the Court cannot determine whether the child is a survivor of the decedent, the child and his parent/guardian will not be added to this lawsuit.[5]  Based on the foregoing, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 12**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 21, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[5] In *Daniels v. Greenfield*, the appeals court remanded the case to the trial court to resolve the issue of survivorship either pretrial (on summary judgment) or before the jury, despite ample evidence, including the mother's attestation of decedent's fatherhood, the birth certificate, and the DNA results, all of which established that the child born out of wedlock to the decedent was his survivor.  15 So.3d 908, 914 (Fla. Dist. Ct. App. 2009).